SIMON R. KAPLAN, Appellant, v. CITY OF POUGHKEEPSIE, Respondent.— In an action to recover the sum of $1,990.83, constituting a charge by defendant for the services of its fire department in extinguishing a fire at a dump beyond the city limits, which charge was claimed to be in accordance with a contract with the plaintiff governing the collection and disposal of ashes, rubbish and garbage, and for judgment declaring the rights and obligations of the parties with respect to fires occurring on such dump, judgment decreeing that the sum of $1,990.83 was properly chargeable against the plaintiff reversed ,on the law, with costs, and judgment directed for the plaintiff in the sum of $1,990.83, with interest and costs. The obligation of the plaintiff under the contract to maintain and regulate the use and operation of the dump in question was to use reasonable efforts to prevent and extinguish fires. It was not within the contemplation of the contract, however, that, in the event of such fires, the city should make an arbitrary charge for the extinguishment of them by its fire department, operating

beyond the corporate limits. The contract provides an exclusive means of redress in the event of failure to comply with the terms and conditions thereof, namely, cancellation after failure to comply within five days after written notice of violation. The defendant did not avail itself of the remedy so provided in the contract and, therefore, it is immaterial whether or not the fire in question constituted a breach by plaintiff of the terms and conditions of the contract, particularly the provision obligating plaintiff to "maintain and regulate the use and operation of the Pennock dump." Findings and conclusions inconsistent herewith are reversed and new findings and conclusions will be made. Hagarty, Davis and Close, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to affirm. Settle order on notice. [See *post*, p. 680.]